IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )   2: 12-cr-161 |
| v. | ) |
| | ) |
| ISAIAH GRIER | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court are the following pretrial motions filed by Defendant Isaiah Grier: the MOTION FOR BILL OF PARTICULARS (Doc. No. 21); the MOTION FOR DISCOVERY (Doc. No. 22); the MOTION TO COMPEL PROFFER OF GOVERNMENT'S EXPERT WITNESS TESTIMONY (Doc. No. 23); the MOTION FOR DISCLOSURE OF JENCKS MATERIAL (Doc. No. 24); the MOTION FOR JAMES HEARING (Doc. No. 25); the MOTION TO COMPEL THE GOVERNMENT TO PROVIDE WRITTEN NOTICE OF UNCHARGED MISCONDUCT EVIDENCE (Doc. No. 26); and the MOTION FOR GOVERNMENT AGENTS AND STATE AND LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS (Doc. No. 27). The government has filed an Omnibus response (Doc. No. 28), and the motions are now ripe for disposition.

### Discussion

On June 13, 2012, Grier was charged in a one-count indictment at Criminal No. 12-161 with Conspiracy to Distribute and Possess with the Intent to Distribute One Kilogram or More of Heroin from in and around December 2011 and continuing thereafter until on or about January 20, 2012, in violation of 21 U.S.C. § 846. Defendant has filed numerous pretrial motions, and the Court will address them seriatim.

1. <u>Motion for Bill of Particulars (Doc. No. 21)</u>

Defendant moves for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure in order to clarify the purported lack of specificity in the indictment (*i.e.*, that the indictment does not specify an overt act), and he claims that an indictment which speaks in generalities makes it difficult to prepare an adequate defense. Moreover, Grier submits that the absence of any specified overt act in the indictment makes him unable to ascertain the nature, scope and time period of the pending charges. Accordingly, Defendant requests the following:

   a. The date on which the alleged conspiracy was formed;

   b. The location where the alleged conspiracy was formed;

   c. The names of those persons present when the alleged conspiracy was formed;

   d. The date that Defendant Isaiah Grier is alleged to have joined the alleged conspiracy;

   e. The role that Defendant Isaiah Grier played in the formation of the alleged conspiracy;

   f. The location where said alleged conspiracy was formed;

   g. Details as to whether the occurrence any particular event /events gave rise to the formation of said alleged conspiracy;

   h. The basis for the conclusion that Defendant Isaiah Grier conspired with any persons both known and unknown from December 2011 to January 20, 2012;

   i. Details relating to any alleged possession of heroin by Defendant as alleged in the Indictment to include the date, time and place of such possession to include the names of any persons who may have observed said activities;

   j. All overt acts (including dates of, locations of and participants in any meetings or conversations) allegedly committed in furtherance of the activities of the alleged conspiracy; [and]

   k. The names of any unindicted members of the alleged conspiracy with whom Defendant Isaiah Grier allegedly conspired with in furtherance of the conspiracy.

(Doc. No. 21 at 2-3). While not included in the list, Defendant also submits that that numerous intercepted telephone calls have been provided to counsel by the government and requests that the Court direct the government to specifically designate which recordings it intends to use against him at trial. To the Defendant, the government would not be prejudiced should the Court grant his motion as he only seeks to gain notice of and information relevant to the charged conduct which he cannot otherwise glean from discovery.

For its part, the government responds that Defendant "has more than sufficient information to inform him of the nature of the charges against him and to allow him to prepare a defense." (Doc. No. 28 at 3). The government notes that it has provided substantial discovery in this case, which include statements made by Grier, laboratory report(s), surveillance reports and pictures, recordings that Defendant made with co-conspirators, and other documents. Thus, as the government concludes, Defendant's claim that "he somehow lacks sufficient information to prepare his defense is simply not supported by the facts" and the motion should be denied.

> Rule 7 of the Federal Rule of Criminal Procedure provides, in pertinent part, as follows:
>
> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f). A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989); FED. R. CRIM. P. 7(f) ("The court *may* direct the government to file a bill of particulars.") (emphasis added). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against her so that she is able to adequately prepare a defense. *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) *cert. denied*, 11-10507, 2012 WL 1899522 (U.S. Oct. 1, 2012) (citing *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir. 1971),

*cert. denied*, 40 U.S. 936 (1972)). Our appellate court has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975), *cert. denied*, 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, a court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972), *cert. denied*, 490 U.S. 914 (1972).

Applying these standards, the Court finds that a bill of particulars is not warranted in this case. While the information sought may indeed be helpful to Defendant, his eleven (11) itemized requests for the most detailed specifics about the charges against him (*i.e.*, the when, where, what, how, and who of the alleged conspiracy) are "tantamount to requests for wholesale discovery of the government's evidence which is not a proper purpose for a bill of particulars." *United States v. Colbert*, CRIM. 08-411, 2011 WL 3360112 (W.D. Pa. Aug. 3, 2011) (citing *Armocida*, 515 F.2d at 49). Defendant is only charged with having participated in a *single* conspiracy to distribute and possess with the intent to distribute on kilogram or more of heroin from in and around December 2011 and continuing thereafter until on or about January 20, 2012, and the government has already provided him sufficient information necessary to understand the lone charge against him and to mount a defense on him behalf irrespective of its absence in the

indictment. Likewise, the Court will not require the government to delineate which intercepted telephone call recording(s) it will use at trial. Recordings of those calls have already been provided to Defendant, which hardly impairs his ability to prepare a defense, and compelling the government to specifically list which calls it will use also does not appear necessary to avoid surprise at trial. Therefore, as sufficient information has been disclosed to Grier in the course of the prosecution, the motion for bill of particulars will be denied.

2. Motion for Discovery (Doc. No. 22)

Defendant believes that the government is in possession of exculpatory, impeachment, and/or otherwise favorable evidence. Grier also seeks specific evidence useful in cross-examining government's witnesses, such as plea agreements, payments to informants and similar types of information.

In response, the government addresses the two forms of discovery sought by Defendant, arguing that the Court should generally deny the motion. First, the government acknowledges its obligations under *Brady* and its progeny and notes that that it is unaware of any exculpatory material pertaining to Defendant at this time; however, the government represents that if such information comes to its attention, it will provide that information to Grier. Second, the government also recognizes its obligation to provide Defendant information useful in cross-examining its witnesses, but notes that it need not provide a witness list in advance of trial. According to the government, the only issue with regard to the discoverable material is timing, and it intends to provide materials that fall within the purview of the Jencks Act, 18 U.S.C. § 3500, at least three days prior to trial.

The Court begins by noting that discovery in a criminal case is far different from that in a civil case. As the parties well know, the government's obligation to make available pretrial

discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the doctrine articulated in the United States Supreme Court decision *Brady v. Maryland. Id.* Beyond Rule 16, the Jencks Act, and *Brady* and its progeny, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its investigation, evidence, witnesses and/or trial strategy. *United States v. Fiorvanti*, 412 F.2d 407, 411 (3d Cir.), *cert. denied*, 396 U.S. 837 (1969).

Likewise, the Jencks Act, 18 U.S.C. § 3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir.2001). According to 18 U.S.C. § 3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

Given the government's response, the Court is confident that the government is well aware of its continuing due process obligation to provide all exculpatory material in its files to Defendant should such information exist and that it takes that obligation seriously and will

faithfully discharge its duty without "tacking too close to the wind." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). While the government cites *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983), for the proposition that disclosure of witness credibility evidence the day the witness testifies at trial, would fully protect his rights, it represents that it will also provide the impeachment material at the same time it provides Defendant with the Jencks Act material: three days before trial.

Accordingly, Defendant's discovery motions will be granted in part, and the government shall turn over all information falling within the purview of Rule 16 and the *Brady* doctrine to the extent that any such information ultimately exists. To the extent Defendant's discovery motion requests information that does not fall within the scope of Rule 16(a), *Brady* and its progeny or the Jencks Act (*i.e.,* the disclosure of the government's witnesses and information that may be used to discredit those individuals), the Court cannot compel early disclosure, and therefore, Defendant's requests must be denied. The Court urges the government to disclose the applicable materials as early as practicable (at least one to two (1-2) weeks prior to trial) to avoid potential delays at trial. *See generally* FED. R. CRIM. P. 26.2(d) (permitting the Court to recess the proceedings to allow time for Defendant to examine the statement(s) and prepare for its use at trial).

3. <u>Motion to Compel Proffer of Government's Expert Witness Testimony (Doc. No. 23)</u>

Defendant also believes that the government will attempt to qualify certain law enforcement officers to explain the organization and practices of drug conspiracies, and to expound on the the parlance and terminology used in the drug trade. Pursuant to Rule 702 of the Federal Rules of Evidence and Rule 16 of the Federal Rules of Criminal Procedure, Defendant seeks the identity of the alleged experts and a proffer as to their expected testimony.

The government confirms Defendant's suspicions, explaining that it expects to present the testimony of at least two experts. More specifically, the government expects that two experts, presently unidentified, will testify to (1) confirm that the substance found in the Jeep Cherokee was in fact heroin; and (2) explain some of the language made on the recordings and that the amount of heroin found in this case indicates that Defendant intended to distribute the narcotic, as opposed to possessing it for personal use. The government submits that it has already provided Defendant with the laboratory results indicating the analysis of the heroin found in the vehicle, but notes that it has not yet provided the more formal notice required by Rule 16 of the Federal Rules of Criminal Procedure. According to the government, it will comply with that Rule and provide Defendant with required expert disclosures.

There is no explicit deadline in FED. R. CRIM. P. 16(a)(1)(G) for disclosure of the summaries of expert witnesses. However, such disclosures must be provided with sufficient time to enable Defendant to obtain counter-experts, if desired, and for the parties and the Court to resolve any *Daubert*-type or other challenges in advance of trial.

The Court finds that three to four weeks provides Defendant sufficient time to evaluate the government's experts and prepare any seemingly meritorious challenges that he deems as necessary. Based on the government's response, it does not appear that its two witnesses will present overly complex testimony in this relatively straightforward case and thus Defendant will have ample time after the government's disclosures to appraise whether he needs to provide an expert to rebut the expected testimony and/or submit a *Daubert*-type challenge. Should that occur, the Court will endeavor to hear and rule upon any *Daubert*-type motions as expeditiously as possible, in order to provide the parties with an opportunity to adjust their trial preparations to comport with the Court's rulings. Therefore, this motion will be granted in part.

4. <u>Motion for Disclosure of Jencks Material (Doc. No. 24)</u>

Although Defendant effectively requested the disclosure of Jencks Material in an earlier motion, he now seeks the Court to direct the government to provide him with that information not less than fourteen (14) days before trial. The government objects and represents that all such materials will be provided at least three (3) days prior to trial. The plain language of the Jencks Act, 18 U.S.C. § 3500, the overwhelming precedent cited by the government, and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial. As noted above, the Court urges the government to disclose the applicable materials as soon as practicable (at least one to two (1-2) weeks prior to trial), to avoid potential delays at trial, but it cannot compel the government to do so. Therefore, this motion will be denied.

5. <u>Motion for James Hearing (Doc. No. 25)</u>

Defendant submits his belief that the government will attempt to admit statements of alleged co-conspirators pursuant to the hearsay exception and he moves the Court to conduct a pretrial hearing to determine the admissibility of such statements. *See* FED. R. EVID. 801(d)(2)(E).

The government argues that such a hearing is "particularly absurd in this case because of the strength of the evidence of the conspiracy" and due to Defendant's alleged confession as to his involvement in the conspiracy. The government also notes Defendant's prior assistance to establish that there is sufficient evidence of a conspiracy to make the now-challenged statements admissible.

Federal Rule of Evidence 801(d)(2)(E) provides an exception to the hearsay rule to admit into evidence statements of a co-conspirator made during the course of and in furtherance of a

conspiracy. Before any such statement may be admitted, however, the proponent must establish by a preponderance of the evidence that (i) the conspiracy existed; (ii) both the defendant and the declarant were members of the conspiracy; and (iii) the statement was made in the course of the conspiracy and in furtherance of the conspiracy. *United States v. McGlory*, 968 F.2d 309, 333 (3d Cir. 1992). In determining whether the statement is admissible as a statement of a co-conspirator, the court may consider the statement itself. *Bourjaily v. United States*, 483 U.S. 171, 181(1987).

Due to the complexity of some conspiracies, it may be difficult, if not impossible, for the government to establish the conspiracy and the participation of the co-conspirators before seeking admission of a co-conspirator's statements. *See United States v. Gambino*, 926 F.2d 1355, 1360 (3d Cir.), *cert. denied*, 502 U.S. 956 (1991). In these instances, the co-conspirator's statements can be conditionally admitted into evidence, provided that the government establishes the existence of the conspiracy and each conspirator's participation therein before it closes its case. *See, e.g.*, *Gambino*, 926 F.2d at 1360-61; *United States v. De Peri*, 778 F.2d 963, 981 (3d Cir. 1985); *United States v. Ammar*, 714 F.2d 238, 245-47 (3d Cir. 1983), *cert. denied*, 464 U.S. 936 (1983). The difficulty with conditionally admitting a coconspirator's statement subject to a later connection is that, at the close of evidence, the court may determine that the prosecution failed to meet its burden of proof and one or more defendants could claim to have been prejudiced.

To alleviate this concern, district courts in some circuits have conducted pretrial hearings, referred to as "James hearings," to determine the existence of a conspiracy. *See United States v. James*, 590 F.2d 575 (5th Cir.1979). This practice, however, is not the custom in this jurisdiction. The United States Court of Appeals for the Third Circuit has never required district

courts to hold a James hearing, and has cautioned that the procedure of conditionally admitting conspiracy evidence "should be carefully considered and sparingly utilized by the district courts." *See United States v. Continental Group*, 603 F.2d 444, 457 (3d Cir. 1979); *see also Gambino*, 926 F.2d at 1360-61; *Ammar*, 714 F.2d at 245-47. Indeed, even those courts that encourage *James* hearings have not made such hearings mandatory. *See United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (stating that the decision to hold a *James* hearing is left to the sound discretion of the trial judge).

Here, the Court exercises its discretion and finds that a *James* Hearing is not warranted. Based on the record and the information provided by the government with regard to the backdrop of this case, the order of proof need not be altered. That is, the Court can conditionally admit the evidence and later evaluate whether the government has met its obligation to prove the existence of the conspiracy and the co-conspirators involvement therein. The instant motion does not provide ample support to persuade the Court that departing from this usual procedure is necessary. Assuming the veracity of the government's position, Defendant is intimately aware of the circumstances and facts surrounding this case and the individuals involved. Therefore, Defendant's motion for a *James* Hearing will be denied.

6. <u>Motion to Compel the Government to Provide Written Notice of Uncharged Misconduct Evidence (Doc. No. 26)</u>

Defendant believes that the government intends to offer evidence at trial of Rule 404(b) evidence, consisting of other criminal offenses, prior convictions, or other acts of misconduct and requests that the Court order the government to disclose any such information within ten (10) days of the filing of this Memorandum Opinion and Order of Court. Defendant further suggests that the 404(b) evidence is inherently prejudicial and reserves the right to file additional pretrial motions, including a Motion to Suppress.

The government responds that as of the date of its filing, October 17, 2012, it has not yet identified any such evidence. As the government correctly highlights, Rule 404(b) only requires reasonable notice, an obligation that it declares it will abide by should it identify any additional evidence.

The Court concludes that the government's representations are reasonable. Questions of admissibility (if any) must await the more fully-developed factual context of trial. Accordingly, this motion will be denied without prejudice.

7. <u>Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writings (Doc. No. 27).</u>

Defendant seeks an order which requires that all rough notes and other evidence relative to interviews of alleged co-conspiractors, confidential informants and/or cooperating witnesses be preserved. Additionally, Defendant requests any rough notes, investigation report, recording or other information that is exculpatory and/or that is useful for impeachment purposes.

The government does not object and notes that it is aware of its obligation for government agents to preserve rough notes created during an investigation. Moreover, the government recognizes that it must submit the notes to the Court for an *in camera* review upon a request by Defendant.

The Court likewise acknowledges that rough notes of interviews of a witness or of the Defendant must be preserved. *See United States v. Ramos*, 27 F.3d 65, 68 (3d Cir.1994). However, other notes need not necessarily be disclosed, although *Brady*, *Giglio*, and Jencks Act obligations continue to apply to such materials. The Court will conduct an *in camera* review of any such notes that remain in dispute after counsel meet and confer, upon the request of Defendant. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir.1983). Therefore, the Defendant's request that law enforcement personnel retain their rough notes will be granted and

all law enforcement officers in this case are hereby ordered to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )  2: 12-cr-161 |
| v. | ) |
| | ) |
| ISAIAH GRIER | ) |

## ORDER OF COURT

AND NOW, this 15th day of November, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. the MOTION FOR BILL OF PARTICULARS (Doc. No. 21) is **DENIED**.

2. the MOTION FOR DISCOVERY (Doc. No. 22) is **GRANTED IN PART AND DENIED IN PART**;

3. the MOTION TO COMPEL PROFFER OF GOVERNMENT'S EXPERT WITNESS TESTIMONY (Doc. No. 23) is **GRANTED IN PART AND DENIED IN PART**;

4. the MOTION FOR DISCLOSURE OF JENCKS MATERIAL (Doc. No. 24) is **DENIED**;

5. the MOTION FOR JAMES HEARING (Doc. No. 25) is **DENIED**;

6. the MOTION TO COMPEL THE GOVERNMENT TO PROVIDE WRITTEN NOTICE OF UNCHARGED MISCONDUCT EVIDENCE (Doc. No. 26) is **DENIED WITHOUT PREJUDICE**; and

7. the MOTION FOR GOVERNMENT AGENTS AND STATE AND LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS (Doc. No. 27) is **GRANTED**. All law enforcement officers must retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

BY THE COURT;
s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge